UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 2:20-CR-105 JD

LATRELL MCGEE

**OPINION AND ORDER**

On December 6, 2023, defendant Latrell McGee moved, through counsel, to reduce his sentence pursuant to the retroactive components of Amendment 821 to the United States Sentencing Guidelines. (DE 50.) Pursuant to General Order 2023-32 of this District, the United States Probation Office filed an addendum to the Presentence Investigation Report reflecting that Mr. McGee is eligible for relief under the Amendment. This Addendum was provided to defendant's counsel and counsel for the Government.

**A. Background**

The Court previously sentenced Mr. McGee to 84 months of imprisonment on Count 1 of the indictment.[1] (DE 41.) At the time of sentencing Mr. McGee' offense level was 25 (DE 30 ¶ 37.) Mr. McGee also had 6 criminal history points based on his prior convictions and an additional 2 "status points" for committing the instant offense while serving another criminal justice sentence, for a total of 8 points placing him in Category IV. (*Id.* ¶¶ 46–48.) This resulted in a Guidelines recommended sentencing range of 84 to 105 months. (*Id.* ¶ 82.)

---

[1] The remaining counts were dismissed on motion of the Government.

**B. Legal Authority**

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of a reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.*

**C. Discussion**

The parties have now filed a joint statement in support of the motion recommending that Mr. McGee' sentence be amended to a term of 70 months' imprisonment. (DE 54.)

This recommendation is based on Mr. McGee' prior Guidelines adjustment for "status points" which was the subject of a retroactive portion of Amendment 821. While Mr. McGee previously received 2 additional criminal history points as status points, under the latest version of the guidelines he would not receive any points. U.S.S.G. § 4A1.1(e). This would result in his placement in Criminal History Category III, instead of Category IV and a revised Guideline sentence of 70 to 87 months of imprisonment.

As to the step one analysis under *Dillon*, the Court agrees with the parties that Mr. McGee is eligible for resentencing as his original Guideline range was reduced by a subsequent act of the Sentencing Commission.

Turning to the step two analysis, the Court finds the parties recommendation is appropriate under the circumstances of the case. The Court's original sentence was at the low end of the applicable Guideline range, as is the proposed new sentence. The Court finds that its prior § 3553(a) factor analysis at the original sentencing, including how Mr. McGee's absence is a hardship on his family, particularly his children, is mitigating. The Court finds that Mr. McGee's post incarceration conduct does not weigh against a reduction. Mr. McGee has previously been sanctioned within the BOP for refusing to work and possessing a dangerous weapon, but the parties indicate the most serious of these sanctions[2] was over a year ago. (DE 51 at 2; DE 54 at 6.) The Court also notes Mr. McGee has completed several courses while incarcerated which is rehabilitative conduct that supports a reduction. (DE 51 at 2.)

**D. Conclusion**

Accordingly, the Court GRANTS Mr. McGee's motion to reduce his sentence (DE 50) and ORDERS that Mr. McGee' sentence be AMENDED to 70 months of imprisonment.

SO ORDERED.

ENTERED: February 2, 2024

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[2] The parties' joint statement does not specify the sanction, but the Court presumes it is the sanction for possession of a dangerous weapon.